UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


UNITED STATES OF AMERICA

    V.

                                         Cr. No. SDT-19-060

JAMES PICCIRILLI

    Defendant

## MEMORANDUM TO COUNSEL

September 23, 2019

Mr. Moore and Mr. Bardos,

In preparing for the plea hearing in this case scheduled for this Friday, September 27, I have come upon a potential snag. It is not clear to me that the superseding Information actually sets forth a crime. First, as explained below, it appears the superseding information does not fully set out the proper statutes of conviction. Next, my law clerk and I have been unable to locate any cases in which the 18 U.S.C. § 1349 attempt statute has been used in the manner it is being used in this case, and I am unsure that it can be.

Mr. Piccirilli has agreed to waive indictment and plead guilty to a superseding information charging him with attempting to transfer a firearm, in violation of 26 U.S.C. § 5861(e) and 18 U.S.C. § 1349. 26 U.S.C. § 5861(e) states that "[i]t shall be unlawful for any person . . . to transfer a firearm in violation of the provisions of this chapter." "This chapter" is Chapter 53 -- Machine Guns, Destructive Devices, and Certain Other Firearms. This charge is listed under Title 26 of the United States Code, the Internal Revenue Code. Offenses listed there were enacted as part of the National Firearms Act as a way to get at gun offenses that don't cross state boundaries. Essentially, Chapter 53 makes it unlawful to make or transfer certain firearms without applying to the Secretary of the Treasury and paying a tax. See 26 U.S.C. §§ 5811, 5812, 5821, 5822.

The Fourth Circuit has held the "essential elements of a violation of § 5861(e) are: 1) the knowing transfer; 2) of a firearm; 3) in violation of the provisions of this chapter." U.S. v. Daniels, 973 F.2d 272, 275 (4th Cir. 1992). "Because the transfer of a firearm must violate other provisions of Title 26, Chapter 53 in order to violate § 5861(e)," the Fourth Circuit held that an indictment on this charge must include the section of Title 26, Chapter 53 that the defendant violated when transferring the firearm. See id. Regarding

transfers specifically, § 5812 states that a firearm shall not be transferred unless (1) the transferor of the firearm has filed with the Secretary a written application, in duplicate, for the transfer and registration of the firearm to the transferee on the application form prescribed by the Secretary; (2) any tax payable on the transfer is paid as evidenced by the proper stamp affixed to the original application form; (3) the transferee is identified in the application form in such manner as the Secretary may by regulations prescribe, except that, if such person is an individual, the identification must include his fingerprints and his photograph; (4) the transferor of the firearm is identified in the application form in such manner as the Secretary may by regulations prescribe; (5) the firearm is identified in the application form in such manner as the Secretary may by regulations prescribe; and (6) the application form shows that the Secretary has approved the transfer and the registration of the firearm to the transferee. 26 U.S.C. § 5812.

In this case, the plea agreement truncates the elements of the crime to which the Defendant has agreed to plead guilty as follows:

a. on or about December 14, 2018, in the District of Maryland, the Defendant attempted to transfer a firearm, as that term is defined in 26 U.S.C. § 5845(a);
b. the Defendant knew that the object he was attempting to transfer was a firearm;
c. the defendant did not obtain the approval of the Secretary of the Treasury or the Secretary's delegate for the transfer of the firearm.

What both the superseding information and the plea agreement appear to be missing is direct citation to the section of Title 26, Chapter 53 that the Defendant violated when transferring the firearm as required by US v. Daniels. It appears that statute is 26 U.S.C. § 5812. This issue could be readily corrected.

However, the plea agreement also purports to have Defendant plead to "attempting to transfer a firearm illegally, in violation of 26 U.S.C. § 5861(e) and 18 U.S.C. § 1349." 18 U.S.C. § 1349 states that "any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense." 'This chapter' referred to here is Title 18, Chapter 63, Mail Fraud and Other Fraud Offenses.

I fail to see how section 1349 can be used in this case. It specifically creates an 'attempt crime' for "any offense under this chapter." 18 U.S.C. § 1349. The problem, of course, is that not only is the transfer of a firearm to which Defendant is seeking to plead guilty in this case under a different chapter, it is under a different title of the United States Code entirely. And Title 26 does not contain a similar provision regarding attempts. "There is no general federal 'attempt' statute. A defendant therefore can only be found guilty of an attempt to commit a federal offense if the statute defining the offense also expressly proscribes an attempt." United States v. Hopkins, 703 F.2d 1102, 1104 (9th Cir. 1983) (citing United States v. Joe, 452 F.2d 653, 654 (10th Cir. 1971)); see also Liu v. Amerco,

677 F.3d 489, 494 (1st Cir. 2012); United States v. Douglas, 525 F.3d 225, 251 (2d Cir. 2008); United States v. Duka, 671 F.3d 329, 353–55 (3d Cir. 2011); United States v. Hite, 769 F.3d 1154, 1162 (D.C. Cir 2014).

Accordingly, I do not think the plea is proper in this case as it stands. I invite the parties to correct me if I am wrong. Toward that end, please submit legal memoranda to me on these issues by **noon, Wednesday, September 25, 2019.** This will provide sufficient time for me to decide whether we can go forward with the plea hearing as scheduled, or not.

Thank you.

_____
     Judge Stephanie D. Thacker